# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID ALLEN JONES,

      Petitioner,

v.                                                   Civil Action No. 1:13cv139
                                                    Criminal Action No. 1:11cr62
                                                    (Judge Keeley)

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION

On May 7, 2013, the *pro se* petitioner, David Allen Jones [hereinafter Jones] filed a petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. 287). Upon a preliminary review of Jones' § 2255 motion, it appeared that the motion was untimely. Thus, pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), the undersigned issued a notice advising Jones that his case would be recommend for dismissal unless he could show that his motion was timely. (Doc. 290). On June 11, 2013, Jones filed a Response to the Notice. (Doc. 295). On June 27, 2013, Jones filed an Addendum to his Response. (Doc. 300).

## I. Factual and Procedural History

### A. Petitioner's Conviction and Sentence

On October 7, 2011, Jones pleaded guilty to Count Seventeen of the Indictment, charging him with distribution of a quantity of cocaine base, also known as "crack," within 1000 feet of a protected location, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 860. On January 23, 2012, Jones was sentenced to a total term of 84 months imprisonment to be followed by six years of supervised release.

### B. Appeal

Jones did not file an appeal.

**C.   Application for Writ of Error Coram Nobis**

On March 25, 2013, Jones filed an Application for Writ of Error Coram Nobis, which appeared to allege that the sentencing court did not have subject matter jurisdiction to sentence him to more than fifty-seven months of incarceration. The application was denied on April 3, 2013. In denying the petition, the court noted that the writ of error coram nobis is a remedy of last resort and is granted only where an error is of the most fundamental character and there exists no other available remedy. Moreover, the court found that the remedy was limited to those petitioners who are no longer in custody. Because Jones was in custody when he filed the petition, the court found that he was ineligible for coram nobis relief and noted that to the extent Jones sought to challenge his conviction or sentence, he must instead file a petition pursuant to 28 U.S.C. § 2255.

**D.   Federal Habeas Corpus**

In the petition, petitioner asserts the following grounds for relief:

(1) Ex Post Facto violation;

(2) The court lacked subject matter jurisdiction to enter enhanced sentenced under federal guidelines;

(3) Federal statutes assuming jurisdiction over "Sovereign State Court Final Judgment Contracts," are Ex Post Fact Laws and Bills of Attainder; and

(4) Federal Sentencing Guidelines promulgated pursuant to Title 28 of the United States Code are Ex Post Facto Laws and unlawful Bills of Attainder.

## II.   Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was

enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[1] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

As an initial starting point, the undersigned has reviewed this case to determine it its general timeliness under 28 U.S.C.§ 2255(f)(1). In general, to satisfy the statute of limitations, Jones must have filed his motion within one year from "the date on which [his] judgment of conviction bec[ame] final." 28 U.S.C. § 2255(f)(1). The Fourth Circuit has determined that a federal prisoner's conviction becomes final on the date upon which he fails to pursue further direct appellate review. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Jones judgment order was filed on January 24, 2102. Therefore, because Jones did not pursue a direct appeal, his conviction became "final" pursuant to § 2255(f)(1) on February 7, 2012. See Fed. R. App. P. 4(b)(1)(A)(I) and 4(b)(6).See also Sanders, 247 F.3d at 142. Petitioner had until February 7, 2013, to file his § 2255

---

[1] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

3

motion, but his motion was not filed until May 7, 2013.[2] Because Jones filed his motion after the one-year statute of limitations ran, the undersigned finds that the motion is untimely.

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). To make such a showing, petitioner must also show that he employed reasonable diligence in investigating and bringing his claims. Miller v. New Je State Department of Corrections, 145 F.3d 616, 617 (3rd Cir. 1998).

In this case, Jones in his original response to the Hill v. Braxton notice, noted that in denying his Coram Nobis petition, the Court ordered the Clerk of Court to send a copy of the *pro se* packet for 2255 petitions, and therefore, waived the AEDPA one year statute of limitations. Clearly, Jones misapprehended the import of the Court's direction because the one year statute of limitations cannot be waived, only tolled. In his addendum, Jones appears to rely on Alleyne v. United States, 133

---

[2] The Court notes that the date of May 7, 2013 is when Jones' motion was filed in the CM/ECF system. The Supreme Court has held that under the "mailbox rule," a prisoner's motion should be considered filed at the time the prisoner delivers it "to the prison authorities for forwarding to the court clerk." Houston v. Lack, 487 U.S. 266, 276 (1988). However, nothing in Jones' motion provides evidence as to when he gave these documents to the prison authorities to be mailed. Jones' amended motion notes that he executed it on May 5, 2013. (Doc. 287, p. 18) Even assuming that this is the same date Jones gave his motion to prison authorities for mailing, it is still untimely.

S.Ct. 2151, 2155 (2013), to render his § 2255 motion timely pursuant to 28 U.S.C. § 2255(f)(3).

The undersigned finds that this section does not apply because <u>Alleyne</u> is not retroactively applicable to cases on collateral review. 133 S.Ct. 2151 (2013). Pursuant to § 2255(f)(3), the limitation period for which a petitioner to file their § 2255 motion is one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." <u>Alleyne</u> held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158. In the <u>Alleyne</u> opinion, the Supreme Court did not declare this new rule to be retroactive on collateral attack. 133 S.Ct. 2151 (2013); <u>see also</u> <u>In re Kemper</u>, 735 F.3d 211 (5th Cir. 2013); <u>In re Payne</u>, 733 F.3d 1027 (10th Cir. 2013); <u>Simpson v. United States</u>, No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013). In addition to the Fifth, Seventh and Tenth Circuits, a number of district courts in this circuit and across the country have determined that <u>Alleyne</u> should not be applied retroactively for the purposes of collateral attack. <u>See e.g.</u>, <u>Williams v. United States</u>, No. 5:13-CV-00108, 2013 WL 4083274, at *2 (W.D.N.C. August 13, 2013); <u>Smith v. Holland</u>, No. 13-147-KKC, 2013 WL 4735583, at *4 (E.D.Ky. Sept. 3, 2013); <u>Smith v. Federal Bureau of Prisons</u>, No. 9:13–384–RMG, 2013 WL 833050 (D.S.C. July 23, 2013).

Additionally, <u>Alleyne</u> expanded upon the holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000), which found that facts increasing the statutory *maximum* must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490 (emphasis added). According to the Seventh Circuit, the "Justices have decided that other rules based on <u>Apprendi</u> do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be

5

retroactive." Simpson, 2013 WL 3455876, at *1 (*citing* Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519 (2004)).

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** Jones' § 2255 motion as untimely and **DISMISSING** the case with prejudice.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 27, 2014

s/ *John S. Kaull*  
JOHN S. KAULL  
UNITED STATES MAGISTRATE JUDGE