IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID ALLEN JONES,**

      **Petitioner,**

**v.**                                **//    CIVIL ACTION NO. 1:13CV139**
                                         **CRIMINAL NO.  1:11CR62-1**
                                               (Judge Keeley)

**UNITED STATES OF AMERICA,**

      **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8][1]

On May 7, 2013, the pro se petitioner, David Allen Jones ("Jones"), filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (Dkt. No. 1). On March 27, 2014, the Honorable John S. Kaull, United States Magistrate Judge, entered a report and recommendation ("R&R"), in which he recommended that the Court deny Jones' § 2255 motion as untimely and dismiss the case with prejudice (Dkt. No. 8).

On April 10, 2014, Jones filed a motion to stay the proceedings and hold his § 2255 motion in abeyance because he had been placed in the special housing unit at Federal Correctional Institution Gilmer, where he was incarcerated, and could not file proper objections to Judge Kaull's R&R because he had no access to legal materials (Dkt No. 9).[2] The Court granted Jones' request and stayed the case on April 21, 2014 (Dkt. No. 11).

---

[1] All docket numbers refer to Case No. 1:13CV139.

[2] Since then, Jones has been moved to Federal Correctional Institution Fairton in Fairton, New Jersey.

JONES V. UNITED STATES                                  1:13CV139
                                                        1:11CR62-1

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8]**

On October 15, 2015, the Court issued a show cause order, directing Jones to notify it why the stay should not be lifted within 14 days, or by October 29, 2015 (Dkt. No. 14). It also notified Jones that he should file his objections to the R&R, if any, by November 15, 2015. Jones did not oppose the lifting of the stay. The Court lifted the stay on October 30, 2015, after warning Jones for the second time that he should object to the R&R by November 15, 2015 (Dkt. No. 17).

The R&R, Show Cause Order, and Order Lifting Stay specifically warned Jones that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue (Dkt. No. 8 at 6; Dkt. No. 14; Dkt. No. 17). The parties did not file any objections.[3] Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (Dkt. No. 8), **DENIES** the motion to vacate (Dkt. No. 1), and **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and stricken from the Court's active docket.

It is so **ORDERED.**

---

[3] The failure to object to the Report and Recommendation not only waives Jones' appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

JONES V. UNITED STATES                                       1:13CV139
                                                             1:11CR62-1

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8]**

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested. It further **DIRECTS** the Clerk to remove this case from the Court's active docket.

Dated: November 19, 2015.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE